# Wytheville

EUGENE L. SAWYER v. MATTIE J. BLANKENSHIP.

June 15, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and
Browning, JJ.

The opinion states the case.

*O. L. Shackleford* and *C. C. Sharp,* for the plaintiff in error.

*Rixey & Rixey* and *T. J. Amelson,* for the defendant in error.

Hudgins, J., delivered the opinion of the court.

Mrs. Mattie J. Blankenship, an elderly woman, was struck and permanently injured by an automobile driven by an employee of Eugene L. Sawyer. Upon the trial to recover damages for these injuries, the jury returned a verdict of $2,050 in favor of plaintiff, which was approved by the trial court. Defendant sought and obtained this writ of error to review that judgment.

The only error assigned is to the action of the court in refusing to set aside the verdict upon the ground that it was contrary to the evidence and in refusing to enter judgment for defendant.

■■■ Defendant admits that the evidence was sufficient to warrant the jury in finding him guilty of negligence, but insists that it shows that plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff contends that the record does not show that defendant assigned this as a ground for his motion to set aside the verdict. Defendant's motion, as recorded, is in this language.

"And whereupon the said defendant by his attorney, moved the court to set aside the verdict of the jury upon the grounds that it is contrary to the evidence and without evidence to support it, and to enter final judgment for the defendant on the grounds that there is sufficient evidence before the court to enable it to decide the case upon its merits; and the further hearing of which motion is continued."

While, in strict conformity with the provisions of Rule 22, it would have been better had defendant stated that one of the grounds for the motion was that the evidence conclusively established that plaintiff was guilty of contributory negligence, it is clear from the record that this was one of the main grounds of defense to this action in the trial court. It is set out in the statement of defense, and it is shown in the examination and cross-examination of

witnesses and in the objections to plaintiff's instructions. Hence in making this defense in this court, no theory or question is urged which was not presented to the trial court. See *Regensburg* v. *Commonwealth,* 159 Va. 1024, 167 S. E 247; *Kelly* v. *Schneller,* 148 Va. 573, 139 S. E. 275; *James* v. *Haymes, ante,* page 253, 168 S. E. 333.

The accident occurred on May 6, 1931, between seven and eight o'clock p. m., at the intersection of Twenty-eighth street and Hampton boulevard, in the city of Norfolk, Virginia. Hampton boulevard, a wide street running north and south, is divided into three sections. The western section, between curbs, is used for vehicular traffic; the center, with double line of rails, is used, except at intersections, exclusively for street car traffic; and the eastern section, between curbs, is used for northbound vehicular traffic.

Twenty-eighth street, which is only about sixteen feet wide between curbs, intersects Hampton boulevard, not at right angles, but at such an angle that its northwest corner is somewhat farther north than its northeast corner. Plaintiff proceeded across the boulevard from west to east. As she crossed the street-car tracks, she looked to her right and saw several automobiles, which she estimated to be some three blocks from the intersection, approaching from the south. She concluded that she could cross the eastern section of the boulevard in safety and proceeded on her way. She stated that as she stepped from the curbing into the traffic lane she again looked to her right and saw nothing; that she did not see the car which hit her at the time of the impact, and remembered nothing until she was being carried from the police car into the hospital.

Defendant contends that this testimony shows that she was guilty of contributory negligence as a matter of law, *i. e.,* that without taking ordinary precautions for her own safety she stepped from the curb in front of a fast moving car and was struck by the left front of this automobile, the impact resulting in the injuries to her and breaking the left headlight of the car.

If this were all the testimony on the point we would agree with defendant's contention. Plaintiff's account of the accident is not very clear. What she meant by saying she "did not see anything" is confusing. She stated positively that she knew that cars were approaching from the south, but that she thought they were far enough away for her to negotiate the crossing; that she did not know how near she had gotten to the eastern curbing of the boulevard when she was struck.

It is conceded that a car traveling west on Twenty-eighth street had stopped in the intersection in such a way as to block northbound traffic on the boulevard. It is suggested, with some degree of reason, that her inability to remember these details was the result of the blow which rendered her unconscious.

This testimony standing alone does not convict defendant's driver of negligence, nor does it even connect him with the accident. It does tend to show that plaintiff was guilty of contributory negligence, but on that point it is not conclusive when considered in view of all the testimony introduced.

Defendant claims that plaintiff was not attempting to cross the eastern section of the boulevard at a regular crossing. If this contention is established by the evidence, then the rights of defendant's driver to the use of the street were superior to those of plaintiff and the failure of plaintiff to see defendant's car in time to avoid the accident would probably convict her of negligence, which would bar her recovery.

There are no white lines or other marks on the surface of the street between the curbing indicating the space to be used by pedestrians in crossing this intersection. Plaintiff stated that she was proceeding across from curb to curb in a straight line and in the space usually used by pedestrians. She was corroborated in this statement by H. A. Robinet, an eye-witness called by both parties.

As stated, the northeast corner of the intersection

is further south than the northwest corner. Neither side introduced any evidence tending to prove how far north of the northeast corner a line stretched across the boulevard at right angles from the northwest corner would strike the eastern curbing. If it be conceded that the point of impact was, as claimed by defendant, thirty feet north of the north curb of Twenty-eighth street, then there is nothing in the record to show that this point is not within the width of a sidewalk extended at right angles from the northwest corner to the eastern curbing of the boulevard. If not within the exact lines so extended, the point of impact is so near thereto that in the absence of visible marks upon the surface of the boulevard indicating just where pedestrians should walk the jury had a right to conclude that plaintiff was crossing the street at an intersection within the terms of Code section 2145 (73) subdivision (e).

The jury from the evidence having a right to so find, we are bound by their conclusion, and hence must hold that plaintiff, under the decisions of *Virginia Electric and Power Co.* v. *Blunt's Adm'r*, 158 Va. 421, 163 S. E. 329; *Heindl* v. *Perritt*, 158 Va. 104, 163 S. E. 93, and *Ebel* v. *Traylor*, 158 Va. 557, 164 S. E. 721, had the right of way over defendant's driver.

While a pedestrian in crossing streets at intersections has the right of way over motor vehicles, he must exercise such care for his own safety as a person of ordinary prudence would exercise under like circumstances. He cannot blindly or negligently expose himself to danger. But if the hypothetical ordinarily prudent person could from the circumstances reasonably believe that the crossing could be made in safety and that there was no car sufficiently near to put him on notice of approaching danger, he is not required to be continually looking and listening to see if automobiles are approaching, under penalty that upon failure to do so, if injured, his negligence must be conclusively presumed.

From the evidence both for plaintiff and defendant,

it is apparent that plaintiff had left the curb and was out in the traffic lane before defendant's car was visible to her from behind the car standing in the intersection. This being true, she had the right to presume that automobiles would not dart out from behind that car at such rate of speed as to endanger her, hence she was not negligent as a matter of law in leaving the center section and stepping from the curb into the traffic lane.

The duty of a motor vehicle driver on approaching an intersection is to keep a vigilant lookout for pedestrians between curbs on the traveled portion of the highway, and when pedestrians are negotiating the crossing or about to step from the side into traffic lanes, to operate his car at such speed and under such control that he can readily turn one way or the other, and, if necessary, bring his machine to a stop in time to avoid injury to pedestrians.

In this case there was an additional reason for the driver to exercise caution, *i. e.*, the car standing in the intersection not only blocked his course but obstructed his view of persons who might have been, as plaintiff was, between curbs or just stepping from the curb. These facts increased the danger and hence required defendant's driver to exercise care commensurate therewith.

If we eliminate from our consideration the testimony of plaintiff's witness Hall, who made some rather wild statements of what he saw the moment after the impact, the record discloses that at the time plaintiff attempted to cross the eastern section of the boulevard a car traveling west on Twenty-eighth street had stopped in the intersection, in such a manner that northbound traffic was blocked; the driver of defendant's car, instead of waiting for this car to move west, turned his car east into Twenty-eighth street, passed to the rear of the standing car, then turned left, or west, along Twenty-eighth street, then to the right, down the boulevard; that as he made the last turn, he struck plaintiff, some thirty-eight feet from the center of Twenty-eighth street, and knocked her diagonally ten or fifteen feet

across the boulevard upon the western curbing of the eastern section of that thoroughfare; that the speed of the car was from fifteen to twenty miles per hour; and that just before the impact the driver applied his brakes and stopped his car within a few feet of the point where plaintiff was found and picked up.

If plaintiff had seen defendant's car when it first appeared from behind the car standing in the intersection, she had, at the rate of speed it was going, less than one and one-half seconds in which to take any precautions to avoid its running her down, and when it is considered that during that short interval the direction of the car was changed twice it is apparent what slight chance plaintiff had to avoid the injury.

Under these facts and circumstances, the question of whether or not plaintiff was guilty of contributory negligence was properly submitted to the jury.

*Affirmed.*