# Richmond

## S. M. REAMS AND J. HERBERT YANCEY, PARTNERS, ETC. v. ARMOND F. CONE.

May 1, 1950.

Record No. 3604.

Present, All the Justices.

The opinion states the case.

*Leith S. Bremner* and *John Y. Hutcheson*, for the plaintiffs in error.

*J. Thompson Wyatt*, *Y. Melvin Hodges* and *Meredith C. Dortch*, for the defendant in error.

Gregory, J., delivered the opinion of the court.

By this writ of error we are called upon to review a verdict and judgment of $3,000 rendered in the trial of an action at law instituted by Armond F. Cone against S. M. Reams and J. Herbert Yancey, partners, etc., who operated a bus line. The action was based upon the alleged negligence of the driver of the defendants' bus, Ernest H. Jones, in driving the bus against the plaintiff in the town of South

Hill. The accident happened on South Hill avenue approximately 30 feet south of its intersection with Danville street which is also known as U. S. Highway No. 1, at ten o'clock on the night of November 9, 1946.

A plat of the two streets involved was prepared by a certified engineer and introduced in the trial of the case. It depicts the scene and is helpful in understanding the physical surroundings. South Hill avenue runs approximately north and south and intersects at right angles with, but does not cross, Danville street, which runs approximately east and west. Danville street is the main thoroughfare of the town and is 45 feet in width from curb to curb. South Hill avenue is 43 feet in width.

The Citizens Bank building is located on the southeast corner of the two streets and the Lincoln hotel is located on the southwest corner. On the east side of South Hill avenue cars are parked parallel with the curb line and require some 7 feet for that purpose. On the west side cars are parked diagonally and require approximately 15 feet of the street. They were parked on both sides on this occasion. This left an area of some 21 feet for moving traffic between the cars parked on both sides if they were properly parked.

The plaintiff was driving a Chevrolet two-door sedan, accompanied by his wife, Charlotte F. Cone, who was sitting on the front seat beside him, and Dr. W. L. Barnes and his wife, Mrs. Octavia Barnes, occupied the rear seat. They were passing through South Hill to their home in Petersburg. After entering the town the plaintiff parked his car on the east side of South Hill avenue immediately opposite the Lincoln hotel. His purpose was to go to the restroom in the hotel. The car was facing north some 25 feet from the intersection of the two streets. The first and third parking spaces from the intersection were occupied by other vehicles and the plaintiff attempted to park between them. The available space between the two parked vehicles was not sufficient to permit him to completely park his car parallel with the curb. He therefore backed into the space with

his rear wheels resting at the curb and the front end of his car protruding beyond the line of the other vehicles. The plaintiff testified, in speaking of how far the front end protruded into the Avenue, "I would say a quarter of the width of the car—the fender was out a little bit." Just exactly how far in feet the front end of the car protruded beyond the parking line is not known.

After parking the car in this manner the plaintiff told his wife that he was going to the hotel. He opened the door on the left hand or driver's side of the car, which door opened from the rear to the front, got out on the street, closed the door, turned from the car towards the south, or his left, and looked in that direction. As he took one step, about three feet into the street, he was struck by the defendants' bus which had entered the avenue from Danville street and was proceeding at the time it struck the plaintiff at four miles per hour. Plaintiff was struck on his right thigh and right leg. The left side of his head struck the hard surface of the road, resulting in a concussion, impaired hearing, and a partial loss of the sense of taste and smell. He was struck by the left front headlight of 'the bus which is about "hip high", and the bus was stopped some three feet before it reached his body which had been knocked to the street by the impact.

The plaintiff, his wife, and the Barneses, had been to Duke University, near Durham, North Carolina, to attend a football game, and were on their return trip home. They had stopped at Henderson, North Carolina, for their supper. The plaintiff was driving when they reached South Hill. He testified that he told his wife he was going to the hotel, that he got out on the driver's side, or his left side, to go to the hotel restroom. These are his words, "As I got out of the car—you take a turn—I started across the street. I took one step. I looked to my left to see if anything was approaching. That is the last I remember. When I was looking that way, I was hit this way."

The plaintiff further testified that he did not see the bus

approaching. He was asked the direct question, "Did you see the bus?", and he answered, "No, I never saw the bus."

The plaintiff was thoroughly familiar with the physical surroundings. He had been spending about two nights a week at the Lincoln hotel for the past several years. He knew that South Hill avenue was used by buses, and he knew of the two systems of parking on either side of South Hill avenue.

The plaintiff strongly urges that the operator of the bus was guilty of negligence in cutting the corner at the intersection instead of passing around the center before pulling into South Hill avenue, and that at the time he struck the plaintiff he was driving the bus on the left of the center of South Hill avenue. As previously stated, there were 21 feet, less the distance that the plaintiff's car protruded into the avenue, for moving vehicles. The bus was 7½ feet in width.

The defendants contend that the driver of the bus was not guilty of negligence, but if he were, the plaintiff was guilty of contributory negligence as a matter of law in getting out of the automobile and stepping into the traveled portion of the avenue without seeing the bus or looking for it when it was bound to have been very close to him at that time, with its lights burning, and traveling slowly. The driver of the bus said he did not see the plaintiff until immediately before the impact and stopped the bus within three feet.

There are several sections of the Motor Vehicle Code which have some bearing upon the case. The sections to which reference is made are found in the 1950 Code. Section 46-220 provides, in part, that "except as otherwise provided in section 46-222, upon all highways of sufficient width the driver of a vehicle shall drive the same upon the right half of the highway, unless it is impracticable to travel on such side * * *."

Section 46-231 provides, in part, that "drivers of vehicles * * * when turning to the left shall pass beyond the center

of the intersection and as closely as practicable to the right of the center of such intersection before turning such vehicle to the left * * *."

Section 46-243 provides, in part, "When crossing highways or streets within incorporated towns and cities pedestrians shall not carelessly or maliciously interfere with the orderly passage of vehicles. They shall cross wherever possible only at intersections. They shall cross only at right angles * * *."

Section 46-245 provides, in part, "Pedestrians shall not step into that portion of the highway or street open to moving vehicular traffic at any point between intersections where their presence would be obscured from the vision of drivers of approaching vehicles by a vehicle or other obstruction at the curb or side * * *."

Section 46-180 provides, "It shall be unlawful for any person to refuse, fail or neglect to comply with any of the provisions of this chapter."

■ We have held that a pedestrian, for his own protection, is required to exercise a greater degree of vigilance when he crosses a street between intersections. *Moore* v. *Scott*, 160 Va. 610, 169 S. E. 902, and *Virginia Elec., etc., Co.* v. *Blunt*, 158 Va. 421, 163 S. E. 329.

■ After a careful review of the evidence we are not entirely convinced that the driver of the bus was guilty of any actionable negligence. He stated without contradiction, and it is apparent from the plat, that it was not practicable for him to go around the center point of the intersection in making the left turn, that the space was not sufficient for him to make that kind of a turn with his 29½-foot bus. The cars parked diagonally in front of the Lincoln hotel had to be avoided in straightening out the bus in South Hill avenue. It is true the preponderance of the evidence shows, and the jury have so found, that the bus was over the center line of South Hill avenue when it was brought to a stop, but we have held that it is not necessarily negligence for one to drive on his left side of the highway when it is

not practicable or feasible to drive on his right side. This is provided by the statute itself. (Section 46-220). In *Hamilton* v. *Glemming*, 187 Va. 309, 46 S. E. (2d) 438, and again in *Birtcherds Dairy* v. *Randall*, 180 Va. 311, at page 317, 23 S. E. (2d) 229, we expressly held that the driver of a vehicle, in making a left turn, is not required to go around the intersection of the medial lines of two streets where it is impracticable to do so.

Where the traveled portion of a street has been reduced 15 feet in width by diagonal parking on one side and 7 feet in width by parallel parking on the other, with one vehicle improperly parked and a substantial portion of its front end protruding into the traveled portion of the street, not much space is left within which to maneuver a bus 29½ feet long by 7½ feet wide from one side of the center line to the other.

However, we may assume, for the purpose of a decision, that the driver of the defendants' bus was negligent upon the occasion in question, as our conclusion is that the plaintiff was guilty of contributory negligence as a matter of law in getting out of his car on the left-hand side, stepping into the street, and failing to look or see the lighted bus which at that time was within a few feet of him, approaching slowly. He took no precaution for his own safety according to his own testimony. He violated the Motor Vehicle Code by crossing the street between intersections, and by stepping into that portion of the street which was open to moving vehicular traffic between intersections where his presence must have been obscured from the view of the driver of the approaching bus until immediately before he was struck. This was negligence on his part which proximately contributed to his injury.

We have decided several times that the failure of a pedestrian to look when crossing a street or highway constitutes contributory negligence. *Paytes* v. *Davis*, 156 Va. 229, 157 S. E. 557; *Stephen Putney Shoe Co.* v. *Ormsby*, 129 Va. 297,

105 S. E. 563, and *Sawyer* v. *Blankenship*, 160 Va. 651, 169 S. E. 551.

The plaintiff's opportunity to avoid being struck was equal to or greater than that of the driver of the bus. It was his duty to avoid being struck. A pedestrian, without looking, may not enter upon a street in the path of an on-coming bus which is just a few feet away from him at the time, and recover damages for injuries which follow as the proximate result of his own action. The obvious negligence of the plaintiff, if not the sole proximate cause of his injuries, at least efficiently contributed thereto. Without his negli-gence the injury could not have been inflicted.

The verdict of the jury is set aside, the judgment reversed, and judgment is here entered in favor of the plaintiffs in error.

*Reversed and final judgment.*