## Richmond

TOM O. DAVIDSON v. JAMES EDWARD JACKSON AND REVA
WATTS JACKSON.

January 21, 1952.

Record No. 3856.

Present, All the Justices.

The opinion states the case.

*George F. Abbitt, Jr.* and *Williams, Robertson & Sackett,* for the plaintiff in error.

*Edmunds, Whitehead, Baldwin & Graves,* for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

This proceeding is based on claims for damages which arose out of a collision between a hay baler and an automobile. In view of the conclusion we have reached on the issues of law, it is only necessary to state the evidence bearing on those issues.

Abount 6:00 p. m. on August 4, 1950, on a secondary State highway, a dirt road, in Appomattox county, Virginia, Tom O. Davidson was driving a tractor which was towing a hay baler. Approaching was James E. Jackson, operating an automobile in which his mother, Reva Watts Jackson, was a passenger. As his automobile came abreast of the baler its left-hand side struck the left side of the baler which extended over the center line of the highway.

For convenience, Davidson will sometimes hereinafter be called plaintiff. James E. Jackson will be referred to as James and his mother as Mrs. Jackson.

The traveled portion of the highway was 17 feet or 17 feet 5

inches wide at the place of the accident. On the right side of the tractor the traveled portion of the roadway had a shoulder and a slight furrow or ditch, the joint width of which was estimated to be from a foot to two and one-half feet. The weather was clear, the road surface was dry, and the visibility was excellent. Plaintiff's tractor, traveling 7 miles per hour, was ascending a slight grade and approaching a curve to the right when the automobile, traveling between 20 and 30 miles per hour, approached from the opposite direction. The distance at which the operators of the motor vehicles first saw each other was estimated at from 125 to 150 feet, as the automobile came over the crest of the hill.

The tractor, with an over-all width of 7 feet, was drawing the baler which had an over-all width of 9 feet 2 inches from wheel to wheel. Due to their attachment requirements when in motion, the rear wheel of the baler extends about 6 inches to the left of the corresponding wheel of the tractor. Consequently, in driving along the highway the assembly occupied 9 feet and 8 inches of the roadway, a greater portion than either apparatus alone would have required. The left side of the baler, therefore, extended beyond the center line of the highway when the tractor was being driven on the right half of the traveled portion.

The approaching automobile was owned by Mrs. Jackson, who had never learned to drive. On the day of the accident, she had permitted her son to drive the automobile to his work. At the conclusion of James' work he picked up his mother at her sister's home, and she was riding beside him on the front seat on the way back to her home at the time of the collision.

The evidence was in sharp conflict, both as to whether the plaintiff was driving as far on his right half of the highway as was practical under the circumstances, and as to whether the drivers of the motor vehicles saw or ought to have seen the position of the baler in time to have avoided the collision.

Davidson instituted his action against James and Mrs. Jackson to recover $1,000 for damages to his hay baler. Both defendants pleaded not guilty. Mrs. Jackson, the owner of the car, filed an affidavit denying the agency of her son and a counterclaim for damages to her automobile amounting to $200.

The issues of law and of fact were, first, whether it was a violation of statute or of common law for the operator of farm machinery, with an over-all width greater than one-half of the highway, to drive along a highway with a portion of the

machinery extending beyond its center line; and second, whether the driver of the automobile was guilty of contributory negligence, and, if so, whether his negligence could be imputed to his mother under the circumstances here involved.

Upon the completion of plaintiff's evidence, defendants moved that it be stricken on the grounds that plaintiff was driving his hay baler to the left of the center of the highway, and that there was no evidence to show Mrs. Jackson "had any connection with the accident whatsoever."

Plaintiff replied that, "As to the second ground of the motion, we have not offered any evidence showing agency as far as the owner is concerned and as to Reva Jackson we assume that that motion should be sustained. She was only made a party because she was the owner of the car. As to the other ground, we think there is ample evidence to go to the jury on that."

The court sustained the motion as to Mrs. Jackson and thus ended plaintiff's action against her; but overruled it as to James. Plaintiff took no exception. The proceedings continued and the defendants presented evidence in defense of plaintiff's claim against James and in support of Mrs. Jackson's counterclaim against the plaintiff.

At the conclusion of all the evidence, the court, in the absence of the jury, called counsel for both parties in conference. It announced that it would sustain the motion of the defendants to strike the evidence of the plaintiff because he was guilty of negligence *per se* in driving his baling machine to the left of the center of the road, and would further, on its own motion, strike the evidence of the defendants because the driver of the automobile was guilty of contributory negligence.

Mrs. Jackson objected to the latter ruling on the grounds that there was no evidence of her negligence and the negligence of her son could not be imputed to her. Plaintiff excepted to the ruling of the court holding him guilty of negligence as a matter of law. Thereupon, the court said to the defendants: "I am sustaining your motion to strike the testimony of the plaintiff. I realize I was in error in striking the testimony of the defendant. I am going to let it go to the jury on the counterclaim. Do you all want instructions?"

The plaintiff asked for three instructions, "A," "B," and

"C." "B" was given, but "A" and "C" were refused, and plaintiff excepted.

Instruction "A" reads as follows:

"The Court instructs the jury that although a driver shall ordinarily drive a vehicle to the right of the center of the road if it is of sufficient width, yet if it is impracticable to do so this rule does not apply."

Instruction "C" was a finding instruction, and it failed to recite all of the necessary details. It further failed to tell the jury that in order to find for the plaintiff the evidence must show that the negligence of the defendants proximately caused the accident. Nor did it contain the proviso that the plaintiff could not recover if he was guilty of negligence contributing to the accident.

One instruction was given at the request of the defendants. It failed to tell the jury the duty required of the plaintiff. In substance it told the jury that if they believed the plaintiff was guilty of negligence which was the proximate cause of the accident, they should find for Mrs. Jackson, regardless of the negligence of James. However, no objection was made to the giving of this instruction, and it need not be discussed further. Rules of Court 1:8.

No instruction was offered or requested with respect to the doctrine of the last clear chance. The instructions requested by plaintiff do not refer to it.

A consideration of the following sections of Virginia Code, 1950, would seem to settle the legal issue.

"§ 46-220. Drive on right side of highways.—Except as otherwise provided in § 46-222, upon all highways of sufficient width the driver of a vehicle shall drive the same upon the right half of the highway, unless it is impracticable to travel on such side of the highway and except when overtaking and passing another vehicle, subject to the limitations applicable in overtaking and passing set forth in §§ 46-224 and 46-228. (1932, p. 652; 1942, p. 673; Michie Code 1942, § 2154 (112).)"

"§ 46-223. Passing vehicles proceeding in opposite directions.—Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other, as nearly as possible, one-half of the main traveled portion of the roadway. (1932, p. 652; Michie Code 1942, § 2154 (115).)"

"§ 46-325. General rule.—The maximum size and weight of

vehicles herein specified shall be lawful throughout the State and local authorities. shall have no power or authority to alter such limitations except as express authority may be granted in this title. (1932, p. 667; Michie Code 1942, § 2154 (157).)''

"§ 46-326. Width of vehicles.—No vehicle shall exceed a total outside width, including any load thereon, in excess of ninety-six inches, excepting that a farm tractor shall not exceed one hundred and eight inches and excepting, further, that the limitations as to size of vehicles stated in this section and §§ 46-327 to 46-330 shall not apply to implements of husbandry temporarily propelled or moved upon the highway. (1932, p. 667; 1934, p. 408; 1940, p. 118; Michie Code 1942, § 2154 (158).)''

The legislature obviously realized that there are vehicles of a greater width than 8 feet, and that it may be necessary, at times, to move them on or over the highways. A hay baler is an implement of husbandry sometimes wider than 8 feet, and in the operation of farming, it is often desirable and necessary that it be moved from one farm to another during the haying season. §§ 46-220 and 46-223 recognize that there may be contemporaneous circumstances which may make performance of the duties imposed by them impracticable or excusable. *Hamilton* v. *Glemming,* 187 Va. 309, 317, 46 S. E. (2d) 438.

Defendants concede that "one may temporarily move upon the highway an instrument of husbandry in excess of 108 inches; but that such instrument must, if it is practicable, be kept entirely on the driver's right-hand side of the highway." The court apparently did not recognize the qualifications stated in §§ 46-220 and 46-326. It is not necessarily negligence for one to move an implement of husbandry on the left of the center of a highway if the circumstances are such that it is impracticable or unfeasible to drive it on the right side of the center.

The exemption as to "implements of husbandry temporarily propelled or moved upon the highway," (Code, § 46-326) expressly extends the limitation as to size of vehicles stated in the forepart of that section. Plaintiff was entitled to move his baler, 9 feet 2 inches wide, upon the highway, but, in doing so he was charged with the duty of driving it upon the right half of the highway, "unless it was impracticable to travel on such side of the highway." Code, § 46-220. However, if it was impracticable to move the baler on the right-hand half of the highway, the plaintiff was further charged with the duty of exercising due

and reasonable care to avoid injury to other persons using the left half of the highway.

"It is not necessarily negligence for one to drive on his left side of the highway when it is not practicable or feasible to drive on his right side. This is provided by the statute itself. (§ 46-220)." *Reams* v. *Cone,* 190 Va. 835, 840, 59 S. E. (2d) 87.

Whether or not it was "impracticable" for plaintiff to move his hay baler, at the time of the accident, on the right half of the highway, and whether or not either or both of the drivers of the motor vehicles failed to exercise due and proper care under the circumstances, presented jury questions to be determined under correct instructions from the court.

There is no merit in the contention of the appellees that since, "with respect to the instructions, there was involved only the counterclaim of Mrs. Jackson, which resulted in a verdict in her favor for $127.70," the sum in controversy is less than the jurisdictional amount for consideration by this court. Code, § 8-464. The contention overlooks the fact that plaintiff's action was to recover $1,000 from both appellees, and that so much of that amount as was not allowed him in the trial court represents the amount in controversy in this court. *Madison* v. *Kroger Grocery, etc., Co.,* 160 Va. 303, 306, 168 S. E. 353; Burks' Pleading and Practice, 3rd Ed., § 390, page 733, *et seq.*

Plaintiff's action against Mrs. Jackson was concluded in her favor when the trial court sustained the motion to strike the evidence as to her liability and plaintiff acquiesced in that ruling. However, in view of the errors related it cannot be said that the plaintiff has had a fair and proper trial on the merits with respect to his claim against James Jackson and his defense to the counterclaim of Mrs. Jackson. The errors committed may have confused the jury on these issues. Therefore, the parties are entitled to a new trial as to them, free from confusion. In this situation, we do not deem it necessary or proper to pass upon any other question raised or to emphasize any portion of the evidence by reference to it.

For the reasons stated, the judgment of the trial court is reversed, and a new trial awarded in accordance with the views expressed herein.

*Reversed and remanded.*