## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Joseph M. Shulleeter, Sr.

v.

Bernard N. Tate

May 25, 1967

Case No. A-9306

By JUDGE ALEX H. SANDS, JR.

This case is before the Court upon the respective motions of plaintiff and defendant to set aside the verdict of the jury in the amount of $5,150.00 awarded plaintiff at the trial of the case on April 7, 1967.

*Facts*

The evidence, viewed in the light most favorable to the plaintiff, supports the following conclusions:

That the plaintiff, desirous of crossing from the north to the south side of Broad Street and in order to avoid the delay of a red light which would have slowed his crossing at the intersection, undertook to make his crossing at a point some distance east of the intersection of Broad Street and Davis Avenue.

At the time he undertook his crossing, traffic in the two northernmost westbound lanes on Broad was backed up for some distance east of Davis Avenue by the red traffic light at the intersection, but the third westbound lane, i.e. that next to the median strip on Broad Street, was clear. Plaintiff proceeded across lanes one and two between the stopped cars. When at a point in the second westbound driving lane he looked left, he could see only fifty feet down the free lane, and it was clear. He then looked to

his right towards the light, continuing his southward movement towards the free lane, and as he then looked back to his left (by which time he was entering the free lane), he saw defendant for the first time and was immediately struck by defendant's car which had, shortly before impact, pulled from behind the stopped traffic in the second lane into the free lane. Defendant laid down forty-eight feet of skid marks before striking plaintiff as he stepped into the free lane.

Upon the evidence, the Court held plaintiff guilty of negligence as a matter of law submitting only the issues of causation and damages to the jury.

### Issue Before Court

The single issue upon defendant's motion is whether, under this evidence, the question of proximate cause was one for the jury or whether plaintiff's negligence was causally connected with the accident as a matter of law.

Defendant argues that, in addition to and independently of his negligence in attempting a crossing between intersections, plaintiff was guilty of negligence as a matter of law in stepping from the second lane, where his vision of westbound traffic approaching in the free lane was at least partially blocked by the stopped car to his left as he crossed the second lane into the free lane, when defendant was in dangerously close proximity, without looking to his left. This argument is unanswerable. The last time plaintiff looked to his left before reaching the free lane was at a point when he could see only fifty feet to his left. Had he looked again immediately *before* stepping into the free lane, he could have seen several blocks to his left. Not only was this negligence upon his part as a matter of law, but was also a violation of Virginia Code § 46.1-232. See *Reams v. Cone*, 190 Va. 835 (1950). The only question this leaves is whether this negligence of plaintiff was a proximate cause of the accident as a matter of law. If so, defendant's motion must be granted. If not true, defendant's motion must be overruled.

*Proximate Cause*

It must be conceded that if, under the evidence, plaintiff had stepped out from in front of a parked car into the free lane when defendant's car was, let us say, one car length distant, such act of plaintiff would be, as a matter of law, a proximate cause of the accident. *Stephen Putney Shoe Co. v. Ormsby's Adm'r.*, 129 Va. 297 (1921). If, on the other hand, he had stepped out into the free lane when defendant's car was a block away, such act would certainly not have been a proximate cause of the accident as a matter of law, if indeed, causally connected at all. The point at which defendant's car was when plaintiff stepped out becomes, therefore, the focal point of importance upon this motion.

According to defendant's testimony, he had turned into the free lane as he passed the D.M.V. building, a considerable distance east of the point of impact and that as he was traveling 25 to 30 mph, he saw plaintiff just as he stepped into the free lane and, at that time, plaintiff was "just about on his fender."

According to the eyewitness Birchett, defendant entered the free lane at a point four or five car lengths east of point of impact and struck plaintiff, who was walking "pretty fast," as he was stepping into the free lane.

It is plaintiff's contention that under Birchett's testimony the jury could have found that the point at which defendant changed lanes was so close to the point of impact that even had plaintiff looked before stepping into the free lane, he could not have seen defendant who would not then have been in the free lane and that, therefore, the behavior of plaintiff, whether or not negligent, could have been found by the jury to have been not a proximate cause of the accident.

Under the physical facts, this theory would have been impossible. The uncontradicted testimony is that defendant laid down forty-eight feet of skid marks up to the point of impact, and if the defendant's time (3/4 second) which would be twenty-seven feet at 25 mph (this is the lowest speed of defendant testified to) were added, this would mean that defendant saw plaintiff stepping into the free lane when he was at least seventy-five feet

away. Since plaintiff presumably, had he looked, would have at least as good a view of defendant as defendant had of plaintiff at the time (*Reams v. Cone*, 190 Va. 835, 842 (1950)), it is believed that his action in stepping out in front of the dangerously close vehicle of defendant, which he would have had to have seen had he looked, was certainly a proximate cause of the accident as a matter of law. In *Paytes v. Davis*, 156 Va. 229 (1931), plaintiff, who stepped out in front of a moving vehicle, which was from sixty to ninety feet away, without looking, was held guilty of contributory negligence as a matter of law, the Court saying:

> We do not lose sight of the fact that we are dealing with a jury's verdict approved by the trial court, but if we assume as proven the negligence of Lane (defendant) in failing to see Davis (plaintiff), it is perfectly plain that Davis was likewise negligent.

In *Sawyer v. Blankenship*, 160 Va. 651 (1933), while a verdict in favor of plaintiff was approved because the evidence of whether or not plaintiff was crossing at a regular intersection, was in conflict, the Court had this to say as to the situation if plaintiff could be proven to have been crossing between intersections:

> Defendant claims that plaintiff was not attempting to cross the eastern section of the boulevard at a regular crossing. If this contention is established by the evidence, then the rights of defendant's driver to the use of the street were superior to those of the plaintiff, and failure of plaintiff to see defendant's car in time to avoid the accident would probably convict her of negligence, which would bar her recovery.

## Conclusion

For the above reasons, the defendant's motion to set aside the verdict and enter final judgment for defendant will be sustained. It will not, therefore, be necessary

to pass upon the merits of plaintiff's motion to set aside the verdict and award a new trial limited to the issue of damages.