## Richmond

### JEFFREY O. WHITTING v. SUSAN DOXEY, AN INFANT, ETC., ET AL.

November 24, 1976.

Record No. 751315.

Present, All the Justices.

*William C. Walker (David H. Adams; Taylor, Walker, Bernard & Adams*, on brief), for plaintiff in error.

*Grover C. Wright, Jr.*, for defendants in error.

COCHRAN, J., delivered the opinion of the court.

On May 18, 1974, at 10:55 a.m. Susan Doxey, an infant 10 years of age, was struck by an automobile operated by Jeffrey O. Whitting, as she was crossing Pacific Avenue at or near its intersection with 16th Street in the City of Virginia Beach. The child, suing by her father and next friend, and her father individually filed a motion for judgment in the trial court seeking damages from Whitting for the injuries suffered by Susan and the medical expenses incurred by her father which were alleged to have been proximately caused by Whitting's negligence. At trial a jury returned verdicts for Susan in the sum of $45,000, and for her father in the sum of $2,208.57, on which the trial court entered judgment.

The question raised in Whitting's appeal is whether there was evidence that Susan was crossing the street in a regular pedestrian crossing when the accident occurred. If there was such evidence then Instructions Nos. 4, 5, and 11, permitting the

jury to find that Susan was in a regular pedestrian crossing and defining the duties of a driver under such circumstances were properly given. If there was no such evidence then the trial court erred in giving these instructions and in refusing Instruction 13A tendered by Whitting. Instruction 13A would have stated as a matter of law that Susan was crossing between intersections and would have defined the relative rights and duties of a motorist and a pedestrian under such circumstances.

Under Instruction No. 4 a regular pedestrian crossing was defined as "the area included within the prolongation of the lateral boundary lines of the adjacent sidewalks at the end of a block." Whitting does not challenge this definition, which comes from Code § 46.1-231,[1] but he contends that there was no evidence from which the jury properly could have inferred that Susan was in a regular pedestrian crossing at the time of the accident. We do not agree.

This accident occurred when Susan and many other pedestrians were proceeding to Atlantic Avenue to observe the Armed Forces Day parade. Pacific Avenue, a street west of and parallel to Atlantic Avenue, ran north and south. It had two northbound and two southbound lanes, and was intersected by 16th Street running east and west. There were no crossing lanes marked at the intersection, and there was no traffic light there.

Mrs. Lelanda Colonna, a Virginia Beach resident who taught school in Norfolk, testified that she walked east on the sidewalk along the north side of 16th Street; that she saw Susan ahead of her in a group of six or eight people going in the same direction on the sidewalk towards Pacific Avenue; that Susan crossed both southbound lanes of Pacific Avenue a little ahead of Mrs. Colonna; that she could have touched Susan's shoulder; that Susan was on her left; and that she was looking to her right and did not see the Whitting car strike the child.

Susan testified that she and a friend had been in a grocery store on 17th Street with the friend's mother; that the mother saw them safely across 17th Street; and that they proceeded

---

[1] Code § 46.1-231 (Repl. Vol. 1974) provides in pertinent part:

"**§ 46.1-231. Right-of-way of pedestrians.** — (a) The driver of any vehicle upon a highway shall yield the right-of-way to a pedestrian crossing such highway within any clearly marked crosswalk whether at mid-block or at the end of any block, or any regular pedestrian crossing included in the prolongaton of the lateral boundary lines of the adjacent sidewalk at the end of a block, . . . ."

south on Pacific Avenue to turn east on 16th Street to go to Atlantic Avenue to watch the parade. She testified that about seven or eight people were crossing Pacific Avenue at 16th Street; that she headed towards the sidewalk on the other side and intended to go down the sidewalk to Atlantic Avenue; and that she had reached the third lane of Pacific Avenue when the accident occurred.

Whitting, called as an adverse witness by the plaintiffs, testified that he was proceeding north on Pacific Avenue; that he first saw Susan as she came out of a group of pedestrians; and that at that time he was "at the very end" of the 16th Street intersection, and that his car had entered the intersection but "had not cleared it" and was approximately 25 feet from the point of impact when he saw her.

Officer Robert Denny, the investigating officer, testified that there was a sidewalk on 16th Street and on both sides of Pacific Avenue.

From this evidence we believe that the jury reasonably could infer that Susan was crossing Pacific Avenue at the 16th Street intersection within a regular pedestrian crossing. The evidence, of course, was in conflict. Whitting's evidence, and especially the testimony of Robert S. Culpepper, an eyewitness who was driving a car behind that of Whitting, placed the point of impact some 25 to 30 feet north of the intersection. The testimony of the investigating officer, who arrived on the scene after Susan and the Whitting vehicle had been removed, was that he found a blood stain on the street about 20 yards north of the intersection, but he conceded that a blood stain is usually found where the body comes to rest rather than at the point of impact, and he did not know whether Susan was dragged after being struck. Nevertheless, there was strong evidence that Susan was struck north of the regular pedestrian crossing, and, under Instruction 13 given by the trial court, the jury could have so found. But the jury was not compelled to accept this evidence.

There were inconsistencies in the plaintiffs' evidence. Either Susan or Mrs. Colonna was mistaken as to whether Susan walked east on 16th Street before attempting to cross Pacific Avenue. But Mrs. Colonna's testimony that she walked on the sidewalk on 16th Street to Pacific and then began to cross Pacific close enough to Susan to touch her is not inherently incredible.

Moreover, it supports a reasonable inference that Susan and Mrs. Colonna were crossing in the regular pedestrian crossing.

With conflicting evidence whether Susan was crossing in a regular pedestrian crossing it was within the province of the jury to resolve the issue. *Bethea* v. *Virginia Elec., Etc., Co.*, 183 Va. 873, 33 S.E.2d 651 (1945). *See Sawyer* v. *Blankenship*, 160 Va. 651, 169 S.E. 551 (1933). Therefore, the trial court did not err in granting instructions which permitted the jury to find that Susan was crossing in a regular pedestrian crossing and in refusing to grant Instruction No. 13A which would have denied the jury this prerogative by ruling as a matter of law that she had crossed between intersections.

*Affirmed.*