# Richmond

## HARVIE BETHEA v. VIRGINIA ELECTRIC AND POWER COMPANY.

April 23, 1945.

Record No. 2911.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and
Eggleston, JJ.

The opinion states the case.

*Savory E. Amato*, for the plaintiff in error.

*T. Justin Moore* and *Archibald G. Robertson*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Harvie Bethea, a young colored man, twenty-eight years old, while walking from the south to the north side of Brambleton avenue, at its intersection with Wide street, in the city of Norfolk, during daylight, was struck and injured by a westbound bus of the Virginia Electric and Power Company. Bethea, hereinafter referred to as the plaintiff, sued the Virginia Electric and Power Company to recover damages for his injuries, which he alleged were proximately due to the negligence of the driver of the bus. After all of the evidence had been heard by a jury, the trial court sustained the defendant's motion to strike the plaintiff's evidence "as not being sufficient" to sustain a verdict for the plaintiff. A verdict and judgment for the defendant necessarily followed and the plaintiff appeals.

The defendant contended in the court below, as it does here, that, (1) the evidence fails to show that the operator of the bus was guilty of any negligence which proximately caused the collision, and, (2) in any event, the plaintiff was guilty of contributory negligence which bars his right of recovery.

The plaintiff contends that whether the bus driver was negligent, and whether he (the plaintiff) was contributorily negligent, under the evidence submitted, were questions to be decided by the jury under proper instructions.

Brambleton avenue runs approximately east and west and is 47.3 feet wide from curb to curb. Wide street is 19.9 feet wide from curb to curb and crosses Brambleton avenue almost at right angles. There is no traffic light at the intersection, and at the time of the accident no traffic officer was on duty there. Neither are there any painted lines to indicate the cross-walks at the intersection.

According to the plaintiff's testimony and that of his companion, another young colored man, George Kelly, they left the southwest corner of the intersection for the purpose of going to the northwest corner. As they left the curb there was no oncoming traffic to the west, that is, to their left. To the east, or to their right, they saw on Brambleton avenue a westbound bus which appeared to be about "two bus lengths" to the east of Wide street and approaching at a "moderate speed." Thinking that they had ample time to cross ahead of the vehicle, they proceeded ahead, walking "straight across the street." When they reached the "middle of the street," Kelly, who was walking on the right of the plaintiff and had kept his eyes on the approaching bus, saw that it was not going to stop or yield them the right of way. He yelled and jumped back out of the path of the vehicle. The plaintiff, who had momentarily taken his eyes from the approaching bus and was looking to the left, did not observe the imminence of the danger. In response to Kelly's warning he tried to jump back but was unable to get clear and was struck by the front bumper of the bus, knocked down and injured.

According to the defendant's witnesses, the plaintiff walked into the left side of the bus, and the collision occurred as the vehicle "pulled into" the bus stop near the intersection of Brambleton avenue and Church street.

The jury, of course, had the right to say which of these versions of the accident was true. Accepting, as we must, the plaintiff's version, the jury might have inferred that the driver was not keeping a proper lookout. According to the driver he saw no pedestrians near the intersection

of Brambleton avenue and Wide street, and no one "got in the front" of the bus between Wide and Church streets.

If the collision occurred at a "regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk", as the plaintiff contends it did, it was the duty of the bus driver to have yielded the right of way to him (Michie's Code of 1942, sec. 2154(123), (c); Motor Vehicle Code, section 76, (c); Acts 1932, ch. 342, p. 613, at page 655), or to have changed his course, slowed down, or come to a complete stop "if necessary", in order that the plaintiff might "safely and expeditiously negotiate the crossing." (Michie's Code of 1942, sec. 2154(126), (c); Motor Vehicle Code, sec. 79, (c); Acts 1932, ch. 342, p. 613, at page 655.) *Miller* v. *Jones*, 174 Va. 336, 339, 340, 6 S. E. (2d) 607, 609.

The jury had the right to infer from the plaintiff's evidence that the bus driver did not comply with these provisions.

Nor do we think it necessarily appears from the plaintiff's testimony and that of his witness, Kelly, that the plaintiff was guilty of contributory negligence.

If they were crossing the street at the proper place, they had the right of way during the entire crossing, that is, from one side of the street to the other. As we said in *Lucas* v. *Craft*, 161 Va. 228, 235, 170 S. E. 836, "At intersecting streets where there are neither traffic lights nor traffic officers, the pedestrian has a superior right—that is, the right to cross from one side of the street to the other in preference or priority over vehicles—and drivers of vehicles must respect this right and yield the right of way to the pedestrian. The pedestrian's right of way extends from one side of the street to the other. It does not begin at any particular point in the intersection nor does it end at any particular point. It begins on one side of the street and extends until the pedestrian has negotiated the crossing."

According to the evidence for the plaintiff, when he and his companion started across the street the bus was some "two bus lengths" to the east of Wide street, or approxi-

mately seventy feet from the pedestrian crossing which they were using, and was approaching, as the plaintiff said, at a "moderate speed." It was for the jury to say whether an ordinarily prudent person would have undertaken to have crossed in front of the vehicle under the circumstances stated.

Neither was it necessary for the plaintiff to have looked continuously at the approaching bus as he crossed. *Sawyer* v. *Blankenship*, 160 Va. 651, 657, 169 S. E. 551, 553; *Virginia Elec., etc., Co. v. Steinman*, 177 Va. 468, 474, 475, 14 S. E. (2d) 313, 315, and authorities there cited. If he was crossing at a proper place, the plaintiff had the legal right to assume that the driver would give him the right of way, a right which the drivers of motor vehicles too often overlook. Whether the plaintiff was exercising a reasonable lookout for his safety as he crossed the street was a question for the jury.

The defendant earnestly contends that the plaintiff was not crossing along the cross-walk or at a regular pedestrian crossing, and hence it says that the bus had the right of way over him. This contention is based on the testimony of Kelly which seems to indicate that when they left the south side of Brambleton avenue they were about five feet west of the western line of the prolongation of the sidewalk across Brambleton avenue.

But the plaintiff insisted that they "didn't get out from the sidewalk" but "went straight across from the building" which, he said, "sits on the corner." The record shows that he pointed to a plat shown him and indicated just how and where they were crossing. Moreover, in the argument in the court below on the motion to strike the evidence, no contention was made that the plaintiff was not crossing at a proper place.

In this situation it was, of course, for the jury to say whether the plaintiff was in fact crossing the street in the proper place required by the statute.

On the whole, we are of opinion that whether the driver of the bus was negligent and whether the plaintiff

was guilty of contributory negligence were questions for the jury under proper instructions of· the lower court. Consequently, the judgment complained of is set aside and the case is remanded for a new trial in conformity with the views here expressed.

*Reversed and remanded.*