# Richmond

CLAUDE RHOADES, JR. V. LILLIE M. MEADOWS, AN INFANT, &C.

June 20, 1949.

Record No. 3489.

Present, All the Justices.

The opinion states the case.

*A. M. Aiken* and *John B. Ramey*, for the plaintiff in error.

*R. Paul Sanford* and *J. William Clement*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Lillie M. Meadows, plaintiff below, recovered a verdict and judgment against Rhoades, defendant, on account of injuries resulting from being struck by an automobile driven by him. Rhoades claims here that he was not negligent and that the plaintiff was guilty of contributory negligence.

Plaintiff was a very large girl, seventeen years old, and worked in a cotton mill in Danville. She lived north of Danville just west of Mt. Cross road. About 8:40 a. m., November 12, 1947, she was returning home by a bus from her work on the night shift. The bus, headed north on the Mt. Cross road, pulled to its right off of the hard surface and stopped with its front end opposite a road leading off from the left, or west, to the plaintiff's home, about 150 yards away. Plaintiff and another girl got off the bus on the right. Plaintiff started walking back toward the rear

and the bus moved forward. She then looked to her left, south, and saw a mill bus far down the road. She looked to her right and saw defendant's car coming around a curve 450 feet away, at what she thought was a reasonable speed. Thinking she had time enough, she started across in the manner later to be described. When she got to the center of defendant's side of the road, that is, the center of the western half, she saw the car approaching so fast that she was afraid it would hit her. She started running and had got across the hard surface and shoulder of the road and into the ditch when she was struck.

The verdict has, of course, settled the conflicts in the evidence and the facts are to be stated as the jury found them to be.

The road was dry and visibility was good. The paved surface was 18 feet wide. It was five or six feet from its west edge to the ditch line. The bus driver saw the defendant's car coming about 300 yards away when he started pulling out. The bus was 26 feet long and he had gone three or four lengths, 75 to 100 feet, when he met defendant's car. In his side mirror he saw plaintiff struck and rolled out into the field. The record indicates she was knocked between 20 and 30 feet. The right front wheel of defendant's car locked and it skidded 63 feet on the hard surface and 33 feet farther along the shoulder and into the ditch. These skid marks started at about the mailbox in front of the Neal home, where plaintiff said the car was when she began to run. She said it was then coming very fast, 60 or 65 miles an hour.

The defendant claimed he was driving about 35 miles an hour, but his speedometer was broken and he couldn't tell. He said he first saw the bus when he was around 100 feet from it; that he could not state whether it was then moving or stopped. He knew it stopped at that point and also picked up passengers there. He said he was about 25 feet in front of the bus when he first saw the plaintiff, who was standing at the back corner of the bus, and that she then

stepped out into the middle of the road. He thought she was going to stay there and he slowed down to 25 miles but she kept coming, and on seeing he was going to hit her, he started turning to the right and struck her on the shoulder of the road about ten feet south of the side road. He said he was about 35 feet from her when he first applied his brakes.

■ It is clear that the jury were warranted in finding him guilty of negligence.

It was his duty to keep his automobile under proper control and drive at a reasonable speed under the circumstances and traffic conditions existing at the time (Code, 1942 (Michie), section 2154(108)), not to exceed 50 miles an hour (Code, section 2154(109), 1948 Cum. Supp.), and to use reasonable care to keep a lookout (*Voight* v. *Reber*, 187 Va. 157, 163-4, 46 S. E. (2d) 15, 19).

His failure to see the bus until he was within 100 feet of it, when the driver of the bus saw his car 900 feet away, was evidence that he was negligent in keeping a lookout. The plaintiff's evidence as to his speed, supported by the fact that his car skidded 96 feet and struck the plaintiff after she had crossed the paved surface, the shoulder, and was in the ditch, together with the fact that defendant knew he was approaching a bus at a place where it customarily took on and let off passengers, furnished ample proof that he was violating the law with respect to speed and proper control.

■■ We think the evidence also presented a jury question on whether the plaintiff was guilty of contributory negligence. It has to be measured by the familiar rule that the question is for the jury unless the evidence is such that there should be no difference in the judgment of reasonable men as to the proper inferences to be drawn from it. *Hoover* v. *Neff & Son*, 183 Va. 56, 62-3, 31 S. E. (2d) 265, 268; *Edgerton* v. *Norfolk Southern Bus Corp.*, 187 Va. 642, 651, 47 S. E. (2d) 409, 415; *Hooker* v. *Hancock*, 188 Va. 345, 355, 49 S. E. (2d) 711, 715.

The rights of pedestrians and of motorists to use the highway are equal, and their duties are mutual and reciprocal, except in places where favored positions are assigned to one or the other by the law. The pedestrian is not required to await the passing of all automobiles that he sees coming. If so, he might spend most of his life on the side of the road. His duty is to await the passing of those which are approaching so near or at such rate of speed that a person exercising reasonable care for his own safety would not attempt to cross. *Core* v. *Wilhelm*, 124 Va. 150, 98 S. E. 27.

It was not negligence for this plaintiff to cross ahead of the bus she saw coming far down the road to her left. It was negligence for the plaintiff in *Hooker* v. *Hancock*, *supra*, to cross under the circumstances existing in that case, where a pedestrian 72 years old undertook to cross a busy thoroughfare in the nighttime, with traffic moving in both directions, and ran in front of defendant's car, which was in its proper traffic lane and moving at a reasonable speed, but dangerously near.

As said there, each case presents its problem. The pedestrian in all cases is required to exercise such care as an ordinarily prudent person would exercise under the existing circumstances. If he carelessly undertakes to cross without looking, or, if he looks and fails to see or to heed traffic that is in plain view and dangerously close, he is guilty of negligence as a matter of law. Such were the circumstances in *Meade* v. *Saunders*, 151 Va. 636, 144 S. E. 711; *Frazier* v. *Stout*, 165 Va. 68, 181 S. E. 377, and other cases cited in the *Hooker Case*, *supra*, and relied on by the defendant in this case, which distinguish those cases from this.

Here it cannot be said that the defendant was so dangerously close when the plaintiff undertook to cross that her act was negligence as a matter of law. When she had taken one step on the hard surface, which was 18 feet wide, she saw the defendant's car rounding the curve 450 feet away. It appeared to be coming at a reasonable speed. If it had

been coming at a lawful speed, as she had a right to suppose, she would have had sufficient time to cross the remaining width of the pavement in safety. She took two more steps and was then about the middle of the road. She looked again and thought the car was coming faster but still at a reasonable speed and she thought she could get across. She took two more steps, which put her about the middle of the west, or defendant's, side of the road. She then saw the defendant's car at about the Neal mailbox. She said she thought that was about 100 yards away, but it was shown to be nearer than that. The skid marks, which began near the mailbox, continued 96 feet, indicating that the car was about that distance away when plaintiff was in the middle of defendant's side of the road. Then, for the first time, she saw that it was coming fast and that she was in danger. Of necessity she must then go forward or back. She started running forward and, as stated, had crossed the rest of the pavement and the five or six feet of shoulder and had reached the ditch when she was struck.

The mathematics of the problem show that if the defendant had been approaching lawfully, plaintiff would not have been mistaken in thinking it was safe to cross. If she had proceeded at an average walk, and he had been running 50 miles an hour, he would still have been some distance from her when she completed the crossing. It was, we think, a question of fact and not of law whether she failed to exercise reasonable care.

In *Green v. Ruffin*, 141 Va. 628, 125 S. E. 742, 127 S. E. 486, the car of that defendant was closer than was the car of this defendant, and that plaintiff had nearly twice as far to go as this plaintiff had, but it was held that her contributory negligence was a question for the jury. And see *Walker v. Bedwinek*, 114 W. Va. 100, 170 S. E. 908.

In *Ritter v. Hicks*, 102 W. Va. 541, 135 S. E. 601, 50 A. L. R. 1505, plaintiff and her husband saw defendant's car coming 75 yards away and "because it was so far away

we didn't think of it hitting us. We didn't think of speeding and thought we had plenty of time to cross." (50 A. L. R. at p. 1507). The husband was struck and killed near the center of the street, which was 33.7 feet wide. It was held that the question of his negligence was for the jury. The court said: "The mere fact that he suffered an injury may indicate mistaken inferences; but want of care does not necessarily accompany an erroneous decision;" and that the test was not whether his judgment was at fault, but whether he failed to use ordinary prudence under the circumstances. (50 A. L. R. at p. 1508).

In *Bethea* v. *Virginia Elec., etc., Co.*, 183 Va. 873, 33 S. E. (2d) 651, when the plaintiff started across the street from south to north, the bus which struck him was approximately 70 feet to his right, or east, and was approaching, as the plaintiff said, at a "moderate speed." It was held that it was for the jury to say whether an ordinarily prudent person would have undertaken to cross in front of the vehicle under the circumstances.

Likewise it was a jury question here and their verdict cannot properly be disturbed. The judgment of the court below is accordingly

*Affirmed.*