September 10, 1952.

Record No. 3968.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

*Williams, Cocke & Tunstall,* for the plaintiff in error.

*Shapero & Shapero,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

On December 6, 1950, John J. Cunningham, plaintiff, was struck and injured by an automobile owned and operated by Wallace Danner, defendant. The accident occurred on Park avenue at its intersection with Corprew avenue in the city of Norfolk, between 6:30 and 7:00 a.m.

Park avenue at the point of accident is 35.3 feet wide and runs generally north and south. Corprew avenue extends generally in an easterly-westerly direction.

Plaintiff, on his way to work, was walking to catch a bus. The bus stop was on the west side of Park avenue approximately 140 feet south of the intersection. When plaintiff reached the southeast corner of the intersection he observed an automobile to his left as he faced Park avenue. This automobile was approximately 200 feet from him and was proceeding in his direction, traveling north on Park avenue. He also saw the defendant's car approximately 300 feet to his right, proceeding south, in his direction. The bus which plaintiff intended to board was observed behind defendant's car proceeding in the same direction. The two automobiles and the bus appeared to be traveling at moderate speeds.

Plaintiff walked from the southeast corner of the intersection to the center of Park avenue. The car approaching from his left, going north, passed behind him. When he reached the center of the street plaintiff temporarily stopped and observed defendant's car approaching on his right (north). The car was not traveling fast and was approximately 80 feet away when plaintiff continued to cross the remaining half of the avenue. He had reached a point 12 feet from the western curb when he again looked at defendant's car, and seeing that it was not going to stop, he quickened his pace to get across and was struck by the side of the right front bumper. At this time he was within five feet of the west curb. His body came to rest within 1½ or 2 feet of the curb.

Defendant admitted that he did not see plaintiff until he appeared immediately in front of him at which time he was too close to turn left and avoid the accident. It is not claimed that any obstruction prevented defendant from seeing plaintiff.

The evidence disclosed that at the time of the impact the car was five feet from the west side of Park avenue, the immediate destination of the plaintiff.

Defendant contended in the trial court that (1) The evidence fails to show any negligence on his part which proximately caused the accident; and (2) In any event, the plaintiff was guilty of contributory negligence as a matter of law which bars his right of recovery.

The contention of the plaintiff was that these defenses were factual matters to be determined by a jury under proper instructions.

The case was tried and submitted to the jury upon the issues thus raised and a verdict in favor of the plaintiff was, over the objection and exception of the defendant, approved by the trial judge, and from the judgment entered upon the verdict the defendant appeals.

The jury's verdict convicts the defendant of negligence and under the court's instructions the verdict established the fact that the accident happened at the intersection of the two avenues. The jury was instructed that if the accident did not happen at an intersection "then you shall find for the defendant".

The point stressed in defendant's brief and in oral argument before us is that the plaintiff was guilty of contributory negligence as a matter of law.

Under the circumstances of this case the plaintiff had the right of way over the defendant's automobile. Va. Code, 1950, §§ 46-243 and 46-244. He had the right to assume that the defendant would respect this right and yield the way to him. It was a question of fact for the jury to determine as to whether or not the plaintiff exercised reasonable care for his own safety as he attempted to cross at this intersection.

The contention that when plaintiff stopped in the center of Park Avenue to observe approaching traffic, this led defendant to believe he would remain in this place of safety, is untenable under the facts and circumstances presented here. The

defendant nowhere contends that he saw plaintiff stop in the center of the street. He, in fact, admits that he was not looking and only saw the plaintiff when he was right in front of him, immediately before the impact. At this time plaintiff was within a few feet of his destination, the western curb of Park avenue. Clearly the stopping of the plaintiff under these circumstances could not have misled the defendant.

A case with facts very similar to those under consideration is *Bethea* v. *Virginia Elec., etc., Co.,* 183 Va. 873, 879, 880, 33 S. E. (2d) 651, 653. There, Mr. Justice Eggleston, speaking for the court, said:

"If they were crossing the street at the proper place, they had the right of way during the entire crossing, that is, from one side of the street to the other. As we said in *Lucas* v. *Craft,* 161 Va. 228, 235, 170 S. E. 836, 'At intersecting streets where there are neither traffic lights nor traffic officers, the pedestrian has a superior right—that is, the right to cross from one side of the street to the other in preference or priority over vehicles— and drivers of vehicles must respect this right and yield the right of way to the pedestrian. The pedestrian's right of way extends from one side of the street to the other. It does not begin at any particular point in the intersection nor does it end at any particular point. It begins on one side of the street and extends until the pedestrian has negotiated the crossing.'

"According to the evidence for the plaintiff, when he and his companion started across the street the bus was some 'two bus lengths' to the east of Wide street, or approximately seventy feet from the pedestrian crossing which they were using, and was approaching, as the plaintiff said, at a 'moderate speed'. It was for the jury to say whether an ordinarily prudent person would have undertaken to have crossed in front of the vehicle under the circumstances stated.

"Neither was it necessary for the plaintiff to have looked continuously at the approaching bus as he crossed. *Sawyer* v. *Blankenship,* 160 Va. 651, 657, 169 S. E. 551, 553; *Virginia Elec., etc., Co.* v. *Steinman,* 177 Va. 468, 474, 475, 14 S. E. (2d) 313, 315, and authorities there cited. If he was crossing at a proper place, the plaintiff had the legal right to assume that the driver would give him the right of way, a right which the drivers of motor vehicles too often overlook. Whether the plaintiff was

exercising a reasonable lookout for his safety as he crossed the street was a question for the jury.''

In *Rhoades* v. *Meadows,* 189 Va. 558, 561, 562, 54 S. E. (2d) 123, 124, 125, Mr. Justice Buchanan, speaking for the court, said:

''We think the evidence also presented a jury question on whether the plaintiff was guilty of contributory negligence. It has to be measured by the familiar rule that the question is for the jury unless the evidence is such that there should be no difference in the judgment of reasonable men as to the proper inferences to be drawn from it. *Hoover* v. *Neff & Son,* 183 Va. 56, 62-63, 31 S. E. (2d) 265, 268; *Edgerton* v. *Norfolk Southern Bus Corp.,* 187 Va. 642, 651, 47 S. E. (2d) 409, 415; *Hooker* v. *Hancock,* 188 Va. 345, 355, 49 S. E. (2d) 711, 715.

''The rights of pedestrians and of motorists to use the highways are equal, and their duties are mutual and reciprocal, except in places where favored positions are assigned to one or the other by the law. The pedestrian is not required to await the passing of all automobiles that he sees coming. If so, he might spend most of his life on the side of the road. His duty is to await the passing of those which are approaching so near or at such rate of speed that a person exercising reasonable care for his own safety would not attempt to cross. *Core* v. *Wilhelm,* 124 Va. 150, 98 S. E. 27.''

And Mr. Justice Miller very recently had this to say in *Reese* v. *Snelson,* 192 Va. 479, 487, 488, 65 S. E. (2d) 547, 552:

''Entitled as plaintiff was to the right of way, we cannot say that, after leaving the center of Broad street on his course towards the curb, he was negligent as a matter of law in failing to look again for the approaching car before he did. When he paused in the center of the street, it appeared to him to be half a block away and he thereupon undertook to traverse the southern half of the street. He looked to his right when he had walked about two-thirds of the distance towards the south curb. To require him to keep constant watch of the oncoming cars under penalty of being convicted of contributory negligence as a matter of law, would be to demand more than reasonable care under the circumstances and deprive plaintiff of the benefits of the statute.''

''The question as to whether a pedestrian, who is struck

by an automobile or other motor vehicle, at or near a regular street crossing, or ·at a place customarily used as a crossing, exercised proper care, or has been guilty of contributory negligence which will defeat his recovery for injuries sustained by such collision, is almost invariably one for the jury.'' 2 Blashfield Cyc. of Automobile Law, page 1020.

The jury in this case, under proper instructions, found that the plaintiff was not guilty of contributory negligence. This finding has been approved by the able trial judge and under these circumstances the case of the plaintiff occupies a strong position in this court. *Oney* v. *Jamison,* 175 Va. 420, 9 S. E. (2d) 346. Reasonable men could have here differed as to whether or not the plaintiff was guilty of contributory negligence under the related facts, and the jury ·having resolved the issue in favor of the plaintiff we will not disturb the verdict.

For the reasons assigned the judgment is

*Affirmed.*