UNITED STATES v. BULLARD.

HARRISON v. UNITED STATES.
Nos. 6716, 6725.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 13, 1954.
Decided Jan. 30, 1954.

---

Cornelius J. Peck, Washington, D. C., Atty., Department of Justice (Warren E. Burger, Asst. Atty. Gen., L. S. Parsons, Jr., U. S. Atty., and Samuel D. Slade, Atty., Department of Justice, Washington, D. C., on the brief), for the United States.

John B. Browder, Richmond, Va. (W. V. Rennie, Washington, D. C., and Benjamin L. Campbell, Petersburg, Va., on the brief), for Lillian Adams Bullard.

Richard L. Williams, Richmond, Va. (Robert G. Butcher and Parrish, Butcher & Parrish, Richmond, Va., on the brief), for Fred L. Harrison.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are appeals in an action instituted under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq. Judgment for damages on account of personal injuries was rendered in favor of the plaintiff Lillian Adams Bullard, who was struck by an automobile driven by a United States Deputy Marshal, Fred L. Harrison, as she was running across a highway at a street intersection in the town of Colonial Heights, Va., to catch a bus which was waiting for her on the other side. In No. 6716, the United States appeals from this judgment contending that plaintiff was injured as the result of her own negligence and that there is no liability on the part of the United States for her injury. Fred L. Harrison, the driver of the car, was brought in by the United States as a third party defendant; and judgment over against him was rendered in favor of the United States for the amount of the judgment in favor of plaintiff. In No. 6725 he appeals from the rendition of such judgment.

On the appeal by the United States in No. 6716, we think it clear that the judgment in favor of plaintiff should be affirmed. The questions as to the negligence of the driver of the car, the contributory negligence of plaintiff and the proximate cause of plaintiff's injury in proper application of the last clear chance doctrine were pure questions of fact; and we see no reason for disturbing the findings of the District Judge with regard thereto. See Danner v. Cunningham, 194 Va. 142, 72 S.E.2d 354; Peck v. United States, 4 Cir., 195 F.2d 686.

As to the appeal in No. 6725, it appears that the precise question there involved, i.e. the right of the United States to recover over against an employee for whose negligence it is held liable under the Federal Tort Claims Act, is pending before the Supreme Court of the United States on certiorari granted to review the decision of the Court of Appeals of the Ninth Circuit in Gilman v. United States, 9 Cir., 206 F.2d 846.

The judgment appealed from will accordingly be affirmed in so far as it grants recovery in favor of plaintiff and against the United States and decision

will be reserved, pending the decision of the Supreme Court in the Gilman case, as to the portion of the judgment giving judgment over in favor of the United States and against Harrison, the third party defendant.

No. 6716, Affirmed.

No. 6725, Decision Reserved.