## QUATE v. CHAPPELL.
### No. 6758.

United States Court of Appeals
Fourth Circuit.
Argued April 8, 1954.
Decided May 5, 1954.

Euell H. Hall and W. Griffith Purcell, Richmond, Va. (Purcell, Regirer, House & Hall, Richmond, Va., on brief), for appellant.

Ernest G. Garrett, Jr., Richmond, Va. (John G. May, Jr., Richmond, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Arthur H. Quate, appellant, instituted this action in the United States District Court for the Eastern District of Virginia, to recover for personal injuries suffered when struck by a vehicle owned and operated by Curtis M. Chappell, appellee. The case was tried before a jury,

there were motions for a directed verdict by appellee and decision on these motions was reserved until after verdict. The jury, being unable to reach agreement, was excused and appellee's motion for a directed verdict in his favor was sustained. Quate appeals this ruling to us.

The accident in question occurred on the afternoon of June 23, 1951, at the intersection of Petersburg Pike, Shell Road and Chester Road, in Chesterfield County, approximately 9 miles south of Richmond, Virginia. At this point Petersburg Pike is 40 feet wide and consists of four traffic lanes, two northbound and two southbound. Chester Road intersects with Petersburg Pike from the west in a Y shape. The Shell Road intersects with Petersburg Pike from the east with the same Y shape design. Chester Road and Shell Road are not directly opposite each other; Shell Road is slightly north of Chester Road.

At the time of the accident, Quate was on foot, attempting to cross Petersburg Pike from Shell Road to Chester Road, a course which necessitated a 45° angular path across the four lane arterial highway. Visibility of the highway was unobstructed for at least one-quarter of a mile to the south and for over 700 feet to the north. Chappell was proceeding southward in his tractor-trailer when appellant was struck, near the dividing line between the southbound driving and passing lanes.

For the purposes of this appeal only two questions need be considered by us: whether appellant was, as a matter of law, guilty of contributory negligence; and whether the doctrine of last clear chance was applicable to this case. Since we feel that appellant was guilty of contributory negligence as a matter of law and that the last clear chance doctrine was inapplicable, the judgment of the District Court must be affirmed.

The testimony of Quate, Chappell and Arthur Briley, a disinterested witness, places certain pertinent facts in dispute in this case. When all this evidence is considered in the light most favorable to appellant, however, the contributory negligence of appellant is still not avoided.

The weather was fair, the visibility good, when appellant undertook his crossing of the highway. His own testimony reveals that he had not yet reached the double white line at the center of the highway when he saw appellee's tractor-trailer, some six hundred feet away and coming down an incline towards him "going quite fast."

Despite this approaching menace, appellant continued his diagonal path across the highway. Upon reaching the center of the next lane of the highway, the southbound passing lane, appellant admits that he heard the truck blow its horn and that he looked and saw the truck only 300 feet away. Without looking again or increasing his pace, appellant persisted on his course and was struck just as he crossed from the southbound passing lane into the southbound driving lane.

Appellant, in denying contributory negligence, contends that the vehicle was approaching in the southbound passing lane; that he thought he had time to cross in front of the vehicle; and that he had the right of way as a pedestrian crossing at an intersection.

For the purpose of this case, we can assume that appellant was crossing at an intersection wherein he had the right of way, but this fact does not obviate the necessity of his exercising due care in such circumstances.

Here, the appellant was crossing the much travelled, four-lane turnpike, on a diagonal course, and had every opportunity to observe the rapidly approaching tractor-trailer. He continued his crossing from his place of safety in the center of the highway and was only able to negotiate one lane before the collision occurred. It is undisputed that he never quickened his pace above a walk and there is a complete absence of evidence indicating the adoption of any means to avoid the collision. Regardless of which

78

lane of traffic the truck was occupying, these facts can only indicate a lack of the reasonable caution which is legally imputed to the ordinary prudent pedestrian and contributory negligence must inevitably be inferred therefrom. See Taska v. Wolfe, 4 Cir., 208 F.2d 705; Grubb Motor Lines v. Woodson, 4 Cir., 175 F.2d 278 and cases cited therein.

 As was recently stated by Mr. Justice Smith, in the Virginia case of Conrad v. Thompson, 195 Va. 714, 717, 80 S.E.2d 561, 564:

> "A pedestrian on entering a highway is not required to await the passage of all automobiles that may be in sight. His duty is to await the passage of those which are so near or approaching at such rate of speed that a person exercising reasonable care for his own safety would not attempt to cross. If he undertakes to cross without looking, or, if he looks and fails to see or to heed traffic that is in plain view and dangerously close, he is guilty of negligence as a matter of law. Rhoads v. Meadows, 189 Va. 558, 54 S.E.2d 123."

See, also, Whichard v. Nee, 194 Va. 83, 72 S.E.2d 365; South Hill Motor Co. v. Gordon, 172 Va. 193, 204, 205, 200 S.E. 637; Meade v. Saunders, 151 Va. 636, 144 S.E. 711.

As to the applicability of the doctrine of last clear chance, it is well established in Virginia that the plaintiff has the burden of proving facts which will bring him within the operation of this doctrine. Grubb Motor Lines v. Woodson, supra, at 175 F.2d at page 281; De Muth v. Curtiss, 188 Va. 249, 256, 49 S.E.2d 250, 253. In the case before us, there is nothing to show that appellee saw or should have seen that appellant was in a position of peril from which he could not extricate himself. In the absence of such proof, the instruction on last clear chance was properly denied by the District Judge.

The decision on these two points renders all other questions in this case immaterial. Since we agree with the District Court that appellant was, as a matter of law, guilty of contributory negligence and that the doctrine of last clear chance has no applicability under the facts as alleged by appellant, the appellant is thereby barred from any recovery.

The judgment of the District Court is, accordingly, affirmed.

Affirmed.