## Richmond

RICHARD A. SANFORD v. MANLEY D. MOSIER.

November 30, 1959.

Record No. 4992.

Present, All the Justices.

The opinion states the case.

*Stanley J. Bangel* (*Bangel, Bangel & Bangel*, on brief), for the plaintiff in error.

*Jack E. Greer* and *James L. Miller* (*Williams, Cocke, Worrell & Kelly*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Sanford, a pedestrian, was struck by a truck operated by Mosier

and sued him for resultant injuries. At the conclusion of plaintiff's evidence the defendant moved to strike on the grounds (1) that there was no evidence of negligence on the part of the defendant, and (2) that the plaintiff was guilty of contributory negligence as a matter of law. The court sustained the motion on the second ground and, over the objection of the plaintiff, took the case from the jury and entered summary judgment for the defendant. To review this ruling we granted Sanford a writ of error.

The sole question presented, says appellant, is: "Did the court err in holding as a matter of law that the plaintiff was guilty of contributory negligence?"

In this situation the evidence must be stated and considered in the light most favorable to the plaintiff.

The accident occurred in the City of South Norfolk, at approximately 9:15 p.m. on November 23, 1957, near an irregular intersection of Campostella Road with Liberty Street joining at an angle on the west side and Border Road joining at practically a right angle on the east. It was a cloudy night, having rained during the afternoon, leaving the road wet. The night was cold and plaintiff was wearing a grey overcoat.

Plaintiff testified that he was a resident of the vicinity and was attempting to cross Campostella Road from west to east when he was struck by defendant's truck as it was proceeding north on Campostella Road which is a 20-foot, two-lane highway running generally north and south. He had alighted from a bus about half a mile from the scene of the accident. Upon leaving the bus, his course of travel carried him east along the northern edge of Liberty Street. When he arrived at Campostella Road it was necessary to cross to the east side thereof in order to reach his home.

Plaintiff also testified that at the time he started to cross the road he looked to his left and to his right; that there was no traffic approaching from the left, but to his right he saw Mosier's vehicle approaching at a distance of about 300 feet; that he proceeded to cross and when he reached the center of the road he hesitated and again saw the vehicle to his right, at which time he estimated it to be about 100 feet away; that he continued his crossing and was one step from reaching the eastern edge of the road when he again saw the vehicle as it was about to strike him. He was struck by the right front of Mosier's truck.

An independent witness testified that when Sanford made his first

step into Campostella Road from the western edge the truck appeared to be three to four hundred feet away; that Sanford proceeded east across Campostella Road and when he reached the center thereof the truck was approximately half a block or 150 to 200 feet away; that the plaintiff continued his crossing and was struck by the right front of the defendant's truck when he was about 18 inches from the far eastern edge of the road.

It was shown that the accident did not occur in a business or residential district as defined in § 46.1-1, Virginia Code, 1950, as amended. Accordingly, the right of the plaintiff and the defendant to the use of the highway was equal and their duties mutual and reciprocal. *Conrad* v. *Thompson*, 195 Va. 714, 719, 80 S. E. 2d 561, 565.

There is no evidence that the defendant was exceeding the speed limit or that he was violating any other law. He was traveling at a normal rate of speed, on his side of the road where he had a right to be. According to plaintiff's own account of the accident he saw the truck approaching from the right when he started his crossing. At that time defendant's truck was approximately 300 feet away. When plaintiff reached the center of the 20-foot road he hesitated and looked a second time and saw the truck only 100 feet away.

Although defendant's truck had traveled 200 feet while plaintiff was crossing the first ten feet of the road, he undertook to cross the remaining ten feet when the truck was only 100 feet from him. There is no evidence that either the plaintiff or the truck changed their speeds. Plaintiff at no time quickened his pace to avoid being struck. In fact, he did nothing to avoid the accident. On the contrary, he walked blindly into the path of the oncoming truck which was in plain view when, in the exercise of ordinary care, he should have known under the circumstances that an accident was inevitable.

Plaintiff argues in his brief that "according to an eye witness and the plaintiff himself, he was, at the moment of impact, one step or about eighteen inches from the eastern edge of Campostella Road and safety. This leaves the plaintiff but a split second from safety and he would have been off the road by the time the truck reached the point of impact if the truck had even slightly reduced its speed or slightly changed its course."

This argument applies to possible negligence on the part of the defendant. It in no way lessens the duty of the plaintiff to exercise reasonable care for his own safety. If there was a reasonable opportunity for the plaintiff to avoid the accident up to the moment

of its happening it was his duty to do so. *South Hill Motor Co.* v. *Gordon,* 172 Va. 193, 205, 200 S. E. 637. It can be argued with greater force that the accident would not have happened had the plaintiff not deliberately stepped into the path of the truck. "Split second" timing on plaintiff's part is not due care under the circumstances of this case.

Plaintiff's inattention and heedless act created a condition under which the accident arose, and he was at least co-author of his own misfortune. He carelessly, inattentively and in disregard of the rule of self-preservation continuously walked into a path of danger in front of the oncoming truck.

Plaintiff's own account of the accident clearly shows that he was guilty of contributory negligence as a matter of law, and the trial court was correct in so deciding. *Whichard* v. *Nee,* 194 Va. 83, 87, 72 S. E. 2d 365, 368; *Hopson* v. *Goolsby,* 196 Va. 832, 86 S. E. 2d 149; *Lindberg* v. *Goode,* 200 Va. 784, 108 S. E. 2d 364.

For the reasons stated the judgment is

*Affirmed.*