LEE L. BASILOTTA

V.

VIVIAN M. BARKER

October 16, 1981.

Record No. 791503.

Present: All the Justices.

*Stanley J. Bangel* (*Bangel, Bangel & Bangel,* on brief), for appellant.

*Gilbert H. Wilson* (*Preston & Wilson,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

Lee L. Basilotta brought this suit against Vivian M. Barker, seeking recovery for injuries sustained when Barker's car struck Basilotta as he attempted to cross a street. The circuit court granted Barker's motion to strike Basilotta's evidence and entered judgment for Barker. The only issue raised in this appeal is whether the trial court erred in concluding that Basilotta was guilty of contributory negligence as a matter of law.

Basilotta was injured around 12:10 a.m. on January 28, 1978, while crossing East Ocean View Avenue at its intersection with Chesapeake Street. Traffic at this intersection is controlled by a

traffic light. At this point, East Ocean View Avenue has five lanes: two westbound lanes, two eastbound lanes and one left-turn lane for both eastbound and westbound traffic.

Prior to stepping from the northwest curb, Basilotta and a friend determined the traffic light was red for vehicles traveling on East Ocean View Avenue and green for pedestrians and traffic traveling on Chesapeake Street. They looked to their left and saw no vehicles approaching. To their right, they saw only the eastbound Barker vehicle which was at the next intersection, a distance estimated to be about 500-600 feet away from them. They began crossing East Ocean View Avenue in the area that would have been the prolongation of the sidewalk along the west side of Chesapeake Street.

After beginning to cross the street, neither Basilotta nor his friend looked at the traffic light to see if it had changed color.* While in the area of the left-turn lane, they looked to their right and observed that Barker's car was approximately 300 feet away in the inside eastbound lane. When Basilotta next saw Barker's vehicle it was "bearing down" on him, approximately two car lengths away. He testified that he had no opportunity to get out of its path. Basilotta was struck in the inside eastbound lane by the front of Barker's car, knocked into the air and thrown across the intersection.

Ordinarily, negligence, whether primary or contributory, and proximate cause are issues to be decided by a jury. This is the case because such issues "are almost always ones of fact, and the jury is peculiarly constituted in our system of law to try such questions." *Phillips* v. *Stewart,* 207 Va. 214, 217, 148 S.E.2d 784, 786 (1966). Moreover, "whether a pedestrian, who is struck by an automobile . . . , at or near a regular street crossing . . . , exercised proper care, or has been guilty of contributory negligence which will defeat his recovery for injuries sustained by such collision, *is almost invariably one for the jury." Danner* v. *Cunningham,* 194 Va. 142, 146-47, 72 S.E.2d 354, 357 (1952). (Emphasis added.)

*Arney* v. *Bogstad,* 199 Va. 460, 100 S.E.2d 749 (1957), presented facts similar to the present case. There we held that a pedestrian crossing with the traffic light in his favor has the right-

---

* A witness testified that the light changed when Barker's car was approximately 160 feet from the intersection.

of-way. This right-of-way continues if the light changes while the pedestrian is crossing, and it is the duty of the motorist to "change his 'course, slow down, or come to a complete stop if necessary to permit' " the pedestrian to cross in safety. *Id.* at 465, 100 S.E.2d at 752. *See also Reese* v. *Snelson,* 192 Va. 479, 65 S.E.2d 547 (1951) (rev'd. on other grounds); *Bethea* v. *Virginia Elec. etc., Co.,* 183 Va. 873, 33 S.E.2d 651 (1945).

 Of course, one may not act in complete disregard for his own safety, blindly relying on the fact that he has the right-of-way. It was for the jury to decide if this is what Basilotta did.

On a motion to strike, the evidence must be viewed in the light most favorable to the plaintiff. *Trail* v. *White,* 221 Va. 932, 275 S.E.2d 617 (1981). Viewing the evidence here in this light, we believe reasonable men could differ on the question whether Basilotta was negligent. Therefore, the trial court erred in striking the evidence and entering judgment for Barker.

Accordingly, the judgment of the trial court will be reversed and the case remanded for a new trial consistent with the views expressed herein.

*Reversed and remanded.*

COCHRAN, J., dissenting.

I would affirm the judgment of the trial court on the ground that the plaintiff's evidence establishes as a matter of law his contributory negligence barring his recovery.

In my view, the trial court correctly distinguished *Arney* v. *Bogstad,* 199 Va. 460, 100 S.E.2d 749 (1957) from the present case. In *Bogstad,* the plaintiff was on an island in an intersection. With the traffic light in his favor he stepped into the lane of approaching traffic and when the light turned he was trapped by the defendant's vehicle that struck him before he could cross the lane of traffic or return to the safety of the island. In the present case, Basilotta stepped into the westbound lanes, free of traffic, with the traffic light in his favor when he saw defendant's vehicle moving eastbound 500-600 feet away. He saw the vehicle again 300 feet away before he reached the center of the intersection. Continuing into the left eastbound lane Basilotta testified that he did not look again at the approaching vehicle until it came within his "periph-

eral vision" two car lengths away. He then looked, saw the car half a car length from him, and was unable to avoid being struck.

Basilotta had the right-of-way if the traffic light was green for him as he entered the intersection. But he could not rely entirely upon the right-of-way in complete disregard of his own safety in the face of approaching traffic dangerously close to him. *Whichard v. Nee,* 194 Va. 83, 88, 72 S.E.2d 365, 368 (1952).

In *Phillips v. Stewart,* 207 Va. 214, 148 S.E.2d 784 (1966) a pedestrian entered an intersection in a crosswalk that gave him the right-of-way over approaching vehicular traffic. He had observed the defendant's vehicle approaching from the right. We held that the question of the pedestrian's contributory negligence was a jury issue. The "overriding" factor, however, in that case was that the pedestrian saw the approaching car slow down and assumed that it would yield the right-of-way to him. 207 Va. at 218-19, 148 S.E.2d at 787-88. In the present case, however, there is no evidence that the approaching car was slowing down or that Basilotta thought that it was approaching at diminished speed. The crucial evidence that made a jury issue in *Phillips* is absent here and for that reason Basilotta was contributorily negligent as a matter of law.

COMPTON, J., dissenting.

This is the case of a pedestrian who was injured because he stepped directly into the path of a closely approaching automobile that was in his full, unobstructed view. Nevertheless, the majority holds the pedestrian was not guilty of contributory negligence as a matter of law. I disagree.

The crucial inquiry in this case should be directed to the quality of the plaintiff's lookout. After careful consideration of the pertinent case law on the subject, the trial judge concluded, and properly so in my opinion, that Basilotta failed as a matter of law to exercise a reasonable lookout. The majority opinion never specifically addresses the lookout issue.

Relevant to the question of lookout, the evidence is uncontradicted that the plaintiff, a sailor who had just left a bar called the "Hotel California," was walking south in a statutory crosswalk from the northwest corner to the southwest corner of the intersection. Having seen defendant's vehicle approaching from the right 500-600 feet away before he stepped into the street, plaintiff

walked to about the center of East Ocean View Avenue. There, he again looked and saw defendant's vehicle approaching from his right "about 300 feet away." Basilotta continued crossing the street and, "all of a sudden," saw defendant's car out of his "peripheral vision . . . bearing down" on him a moment before the impact. Defendant told the investigating police officer she was travelling 35 miles per hour at the point of collision. The traffic light facing defendant was red as plaintiff left the northwest corner but changed to green for defendant when she was 160 feet from the intersection.

After observing defendant's car approaching 100 yards away, Basilotta failed to even glance to his right again during the period of time it took him to walk from the center of the street, cross the left-turn lane for eastbound traffic, and move into the left-hand eastbound lane where he was struck. "A single glance to his right would have warned him of [the vehicle's] closer approach and [plaintiff] could have as readily stopped as he could have looked." *Whichard* v. *Nee,* 194 Va. 83, 87, 72 S.E.2d 365, 368 (1952).

"When a pedestrian, in a city or town, steps on a one-way street where traffic comes only from his right, he is under the legal duty of looking to his right for approaching vehicles, and although he may have by statute the right of way, he will be guilty of contributory negligence if he attempts to assert it in the face of approaching traffic dangerously near him." 194 Va. at 88, 72 S.E.2d at 368.

Moreover, the plaintiff never stated, nor does the evidence otherwise show, that plaintiff saw defendant's vehicle slow or make any other movement to indicate that defendant intended to yield the right of way to him. In *Phillips* v. *Stewart,* 207 Va. 214, 148 S.E.2d 784 (1966), cited by the majority, such evidence was "the one overriding fact" that "save[d] the plaintiff's case." 207 Va. at 218, 148 S.E.2d at 787. Here, such evidence is utterly lacking to save this plaintiff's case.

*Phillips* does not support the majority's argument; rather it mandates a contrary holding. In *Phillips,* on comparable evidence as to the issue of lookout, the court quoted the following excerpt from the plaintiff's testimony:

" 'Q. Now, you say that you thought that the car going west was going to stop to allow you to cross. Did the car do anything to indicate that to you?

" 'A. *Well, it slowed down a little bit, like it was going to stop,* but it never stopped.

" 'Q. Now, were you in the crosswalk when the car did that?

" 'A. Yes. *I was about, oh, about middle ways of the street.*' " (Emphasis in original.) 207 Va. 218-19, 148 S.E.2d 787-88.

After emphasizing the saving nature of that testimony, the court held that a jury question of plaintiff's alleged contributory negligence had been presented, stating:

"Thus, when the plaintiff was approximately in the middle of the street, he saw the defendant's vehicle slow down as if it were going to stop to permit him to cross in front of it. That such action on the part of the defendant led the plaintiff into a false sense of security cannot be doubted in light of the ensuing collision. But it was for the jury to say whether the plaintiff, in crossing in front of the car under those circumstances, was justified in so responding to the slowing down of the defendant's vehicle and whether he exercised due care for his own safety." 207 Va. at 219, 148 S.E.2d at 788.

Implicit in the *Phillips* decision is the proposition that unless there is evidence from which a reasonably prudent pedestrian, traversing a city street within a statutory crosswalk, can believe a motorist closely approaching on a green light and in plain view will yield the right of way, the pedestrian who steps directly in front of such vehicle is guilty of contributory negligence as a matter of law for failure to exercise a reasonable lookout. That proposition controls this case and I would affirm the judgment of the trial court.