## CIRCUIT COURT OF THE CITY OF RICHMOND

Franklin S. Harper

v.

William Justice Hopkins

June 18, 1986

Case No. LJ 882-1

By JUDGE MELVIN R. HUGHES, JR.

[There was a] hearing on June 13, 1986, on defendant's Motion for Summary Judgment.

This is a case where plaintiff, a pedestrian, stepped out between parked vehicles and was struck by an automobile operated by defendant.

Defendant relies on answers to his Request for Admission, statutes and case law in support of the motion that plaintiff is guilty of contributory negligence as a matter of law.

I am reminded that in these fact situations, the Supreme Court of Virginia has said:

> The question as to whether a pedestrian, who is struck by an automobile or other motor vehicle, at or near a regular street crossing, or at a place customarily used as a crossing, exercised proper care, or has been guilty of contributory negligence which will defeat his recovery for injuries sustained by such collision, is almost invariably one for the jury. *Danner* v. *Cunningham*, 194 Va. 142 (1952).

What makes this motion especially interesting, despite the above-cited admonition, is the defendant's reliance on answers to Requests For Admissions and §§ 46.1-230,

46.1-231 and 46.1-232, Code of Virginia of 1950, as amended. For purposes of this motion, the admissions establish that plaintiff crossed Grace Street in the middle of the block between a line of motorcycles and automobiles parallel parked and that he did not see defendant's vehicle approaching before impact. In his Motion defendant cites Section 46.1-232 which states that a pedestrian not step into a street between intersections when his presence is obscured from the visions of approaching motorists.

Among many other things, and as I mentioned during argument, conceding that plaintiff was contributorily negligent, do we know if defendant did not have the last opportunity to avoid the accident but failed to do so? In this connection, looking at § 46.1-232, do we know that, in fact, plaintiff's presence was obscured when the plaintiff stepped out between a line of motorcycles and automobiles when there is no information as to what type vehicle was to plaintiff's left when he stepped off the curb?

The statutes cited by defendant, on the question of pedestrian-motorists' rights and duties, for purposes of this motion, ought to be interpreted liberally so as to protect the pedestrian who has a greater risk of injury as compared to an automobile in these situations.