## Richmond

ALICE SEAMANS HODGSON, (WOODY SEAMANS AND VIVIAN B. HODGSON, JR., EXECUTORS OF THE ESTATE OF ALICE SEAMANS HODGSON SUBSTITUTED PLAINTIFFS IN ERROR) V. PEARL HOUSE McCALL.

June 13, 1955.

Record No. 4364.

Present, All the Justices.

The opinion states the case.

*P. W. Ackiss* and *Kellam & Kellam*, for the plaintiffs in error.

*Williams, Cocke, Worrell & Kelly* and *Jack E. Greer*, for the defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

Alice Seamans Hodgson (who died while the case was pending in this Court) instituted this action to recover compensation for injuries sustained when she was struck by an automobile driven by the defendant, Pearl House McCall. At the conclusion of the in-

troduction of plaintiff's evidence, the trial court sustained defendant's motion to strike. The jury, accordingly, returned a verdict for defendant, upon which final judgment was entered.

Plaintiff's assignments of error raise three questions: (1) whether the evidence was sufficient to prove defendant was negligent; (2) whether plaintiff was guilty of contributory negligence as a matter of law; and (3) whether the doctrine of last clear chance was applicable.

Plaintiff was struck by defendant's automobile between 5:30 and 6:00 p.m., on December 18, 1951, while she was attempting to cross Atlantic Avenue in the city of Virginia Beach. This avenue is the most traveled street in the city and extends north and south. The accident occurred between its intersections with 24th Street to the south and 25th Street to the north. It was dark, but the street lights were on. It was drizzling rain. The street was wet and slippery.

The only evidence tending to prove defendant was negligent is the inference that might be drawn from the fact that plaintiff was struck by defendant's automobile while she was standing in the center of the avenue between intersections. No evidence was introduced tending to show the width of Atlantic Avenue, the speed of defendant's automobile, or whether cars were parked on either side of the street.

Plaintiff testified that she had been to the post office, which is located on the west side of Atlantic Avenue at the corner of 24th Street, and was returning to her home, which is located on the east side of the avenue near its intersection with 25th Street. Upon leaving the post office plaintiff walked north on the western sidewalk of Atlantic Avenue until she reached approximately the middle of the block. She then looked both to her right (south) and to her left (north). The traffic light to her left at 25th Street was red for north and south bound traffic. No cars were approaching within close range from her left or her right. She stepped into the street and went to the double white lines in the center of the street where she stopped. She again looked to the left and, to use her language: "At that point (25th Street) the light was still red and I didn't look for any more traffic because the light was still red and I knew I was still right on that side." She turned her body somewhat to her right, with her back towards 25th Street, and concentrated her entire attention upon the traffic approaching from

the south. She saw several cars approximately at the 24th Street intersection going north. She said as the street was wet and slippery she decided to wait until they passed. A few seconds after one of the cars going north passed, and while it had stopped and was waiting for the green light at 25th Street, she was struck by de-defendant's car approaching from her rear going south. She was knocked down, severely and permanently injured. Her body was lying slightly east of the center of the avenue, her head towards the south and her feet towards the north.

Plaintiff said she did not see defendant's car, and if she had looked and seen it approaching she would have gotten out of the way. "I certainly would have done something."

Little need be added to the trial court's opinion on the motion to strike the evidence. In part, it is: ". . . There is no evidence in this case whatsoever as to the position of the defendant's car at any time until the accident. The plaintiff admits that she did not see it, and was not looking in that direction at the time she was struck. She flatly said if she had seen the car coming she would have gotten out of the way. I do not think the doctrine of last clear chance should apply when the means of avoiding the accident are equally available to the plaintiff as they are to the defendant—and that is certainly true in this case.

"Now, the only possibility of any negligence on the part of the defendant in this evidence in behalf of the plaintiff would be the fact that she was struck, by her own statement, while she had one foot in the east lane and the other foot on that—as she termed it—island. And that is quite possible. She could have been struck while she was in that position without the car going over the center line. But even assuming that that negligence is there, she had equal chance to avoid it. . . .

". . . Pedestrians where possible are supposed to cross at an intersection (Code Sec. 46-243). The plaintiff in this case, although an intersection was available on either side, chose the course of crossing in the middle of the block, and in doing so she was guilty of negligence and that negligence, in the mind of the Court, continued right up to the time of the accident. . . ."

Since the adoption of the statutes regulating the rights of pedestrians and drivers of motor vehicles upon the streets and highways, we have repeatedly held that a pedestrian must exercise a higher degree of vigilance when he crosses a street between in-

tersections than he is required to exercise when he crosses at intersections. The operator of a motor vehicle is required to exercise a greater degree of vigilance at a crossing than he is required to exercise between intersections. *Hooker* v. *Hancock,* 188 Va. 345, 49 S. E. (2d) 711; *Manhattan, etc., Corp.* v. *Williams,* 191 Va. 489, 62 S. E. (2d) 10; *Hopson* v. *Goolsby,* 196 Va. 832, 86 S. E. (2d) 149.

Plaintiff, on a dark, rainy night, was standing in a position of danger in the center of a busy thoroughfare. Instead of keeping a vigilant lookout for motor vehicles going south, as well as north, she relied entirely on the red light signal a short distance north of her to stop south bound traffic. She overlooked the possibility, indeed the probability, of traffic on 25th Street turning south on Atlantic Avenue at the intersection. The perilous position in which plaintiff was standing in the center of a street between intersections required her to exercise more vigilance than was required of the defendant. Of course, it was the duty of defendant to keep a proper lookout even between intersections and, even if defendant was negligent in failing to see plaintiff, plaintiff was equally negligent in failing to see defendant's car approaching. Each had an equal opportunity to see the other and avoid the impact. Neither exercised proper care. Plaintiff's negligence was a contributing cause of her injuries.

We find no error in the ruling of the trial court. The judgment is affirmed.

*Affirmed*